## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 6490 | DATE | 6/6/2000 |
| CASE TITLE | Karen Horwitz vs. Bd of Education of Avoca, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion (47-1) to dismiss is granted with respect to count III, and denied in all other respects. Enter memorandum opinion and order. Plaintiff's motion attending physician and therapist to appear as witnesses at trial is granted. The status hearing scheduled for June 7, 2000 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 0 7 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

Karen Horwitz,

    Plaintiff,

    v.

Board of Education of Avoca, et al.

    Defendants.

98 C 6490

Judge George W. Lindberg

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed a five count complaint against Defendants alleging: (1) violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(ADEA); (2) a second violation of the ADEA § 623(d); (3) violations of 42 U.S.C. §1983; (4) defamation; and (5) violations of the Family Medical Leave Act (FMLA). Defendants have moved to dismiss all five counts and for the reasons stated herein, that motion will be granted in part and denied in part.

### I. BACKGROUND

For the purpose of evaluating a motion to dismiss the Court

construes all well-pled facts to be true and resolves all inferences in favor of the plaintiff. <u>Albright v. Oliver</u>, 510 U.S. 266 (1994).

Plaintiff is a 54 year old public elementary teacher. She began working at Avoca West School, located in Avoca School District No. 37, in 1993. Ballantyne is the president of the Avoca School Board. Sloan is the superintendent of schools of Avoca District No.37. Biancalana is the principal of Avoca West School.

During her time at Avoca West, Plaintiff observed what she believed to be incidents of age discrimination affecting her and other faculty members, including: (a) exclusion from mentoring positions; (b) grade-level reassignment in favor of younger teachers; (c) denial of requests to receives positions of responsibility in favor of younger teachers; and (d) the issuance of false reprimands. Plaintiff alleges that she had a conversation with Defendant Sloan regarding the age discrimination issue, and that during this conversation Sloan threatened to make miserable the life of any teacher who escalated the issue.

Plaintiff made public her concerns about the school administration in several communications to parents and other members of the community. Plaintiff contends that Defendants then acted in concert to "silence" her by censoring her correspondence and speech, and by engaging in retaliatory activities designed both to punish and deter Plaintiff, and to diminish Plaintiff's professional reputation in the community.

## II. DISCUSSION

"Motions to dismiss brought pursuant to Rule 12(b)(6) are disfavored and may only be granted where it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Doe v. Haliw, 2000 WL 91923 at *2(N.D.Ill.) quoting, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Perkins v. Silverstein, 939 F.2d 463 466 (7th Cir. 1991). Defendants have raised arguments to dismiss each of the five counts in the Complaint. Each count is considered individually below.

### A. Counts I and II

Defendants urge the Court to dismiss Counts I and II, which

3

are brought pursuant to the ADEA, under the theory that the United States Supreme Court has invalidated the portion of the ADEA which applied the substantive provisions of the Act to local governments. Defendants therefore conclude that the Court lacks jurisdiction over these claims and they must be dismissed pursuant to Rule 12(b)(6) for failure to state a clam. In support of this argument Defendants rely on <u>Kimel v. Florida Board of Regents</u>, 120 S.Ct. 631 (2000). Defendants argue that the <u>Kimel</u> Court, "held that Congress exceeded its powers when it amended the ADEA because it had virtually no reason to believe that state <u>and</u> local governments were unconstitutionally discriminating based on age." However, that is in fact not at all the holding of <u>Kimel</u>, as this Court will now explain below.

The ADEA was enacted in 1967, and originally applied only private employers. The ADEA, like the Civil Rights Act, was a valid exercise of Congress's power under the Commerce Clause. The original Act included a private cause of action which enabled individuals to sue employers thought to be in violation of the Act. In the 1974 Congress amended the Act and applied its substantive provisions to all government employers, including states and state entities, and the federal government. In that

4

amendment, Congress expressed an intent to abrogate states' Eleventh Amendment immunity and thereby subject states to private suit. It is this abrogation that was at issue in <u>Kimel v. Florida Board of Regents</u>, 120 U.S. 631 (2000).

The <u>Kimel</u> Petitioners challenged the validity of Congress's power to abrogate state immunity with respect to the ADEA. Congress's power to abrogate states' sovereign immunity does not stem from the Commerce Clause. Congress's power to abrogate comes from the Enforcement Clause of the Fourteenth Amendment, which provides that, "The Congress shall have the power to enforce, by appropriate legislation, the provisions of this article." Const.Amend. 14, §5. Thus, the Enforcement Clause authorizes Congress to enact legislation to literally enforce the substantive restrictions of the Fourteenth Amendment. This enforcement power necessarily includes the power to abrogate the states' immunity under the Eleventh Amendment, when and as the substantive elements of the Fourteenth Amendment so require. In <u>Kimel</u>, the Court articulated its position that while the Enforcement Clause is an affirmative grant of power, it is not without limit. The Court noted that although it is for Congress "to determine whether and what legislation is needed to secure

5

the guarantees of the Fourteenth Amendment, and its conclusions are entitled to much deference," it is not for Congress to adjudge the substance of the Fourteenth Amendment's restriction on the states. That determination lies within the province of the judiciary. The Court then articulated an Equal Protection analysis of the ADEA and concluded that the Act was not within Congress's Enforcement power because the Act did not remedy a wrong that fell within the Fourteenth Amendment's substantive guarantees. Therefore, Kimel concludes, Congress was not empowered by the Fourteenth Amendment to abrogate states immunity in furtherance of the goals and grants offered by the ADEA. Thus, the Court proclaims, and it is the sole holding of that Court, that no valid abrogation was in place and the states remained immune to private suit under the Act.[1]

However, its is important for clarity's sake to here remember that Congress's general power to enact the ADEA comes from the Commerce Clause. This understanding remains undisturbed by the Kimel decision. In the instant case, Defendants would have

---

[1] "We hold only that, in the ADEA Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." Kimel, 120 S.Ct.631, 650.

6

us understand that the Kimel Court nullified the entire 1974 Amendment, which includes provisions applying the ADEA to federal employers, simply because the provision providing for a private cause of action against states offends the Eleventh Amendment. This argument is non-sequitur. Congress enacted the ADEA pursuant to its Commerce Clause power, and except where it otherwise offends the Constitution, the ADEA remains the law of the land. Defendants urge us to interpret the Supreme Court's analysis of the limits placed by the Enforcement Clause on Congress's power to abrogate state immunity, as a general limitation on Congress's ability to apply the ADEA to government employers. Such a contention stretches the bounds of creative argumentation. While Kimel has announced that the Act is not a valid exercise of Congress's Enforcement Power, it does not follow that the Act is not valid at all, or that, as Defendants here inexplicably argue, the ADEA is invalid as it applies to local governments and school boards. The ADEA validity of the remains soundly grounded in Article One of the United States Constitution. The states enjoy sovereign immunity as provided them by the Eleventh Amendment, and here, that immunity remains intact. Individuals cannot sue a state perceived to be in violation of the ADEA. However, the other corners of this law remains as written, and employers who

cannot claim Eleventh Amendment immunity can be held accountable to the substantive provisions of the Act by private cause of action. Notwithstanding the recent shift in Commerce Clause doctrine which has redefined Congress's power to redress ills historically recognized as within both Congress's institutional competence and Constitutional commitment, it nevertheless remains clearly within the power of Congress "to regulate Commerce with foreign Nations, and among the several States..." U.S.Const.Art.1, §8. But see, United States v. Morrison, 200 U.S. 321 (2000).

Having explained that the holding in Kimel abridges the ADEA only to the extent necessary to remedy the Eleventh Amendment offense, the next question the Court must turn to is whether the Board of Education of Avoca is an arm of the state for the purpose of Eleventh Amendment analysis. On this point the case law in our Circuit is clear: school boards in Illinois do not enjoy Eleventh Amendment protection. Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274(1977). Jones v. Bd. of Education of Township High School Dist. No. 211, 651 F.Supp. 760 (N.D.Ill. 1986)(finding Mt. Healthy Court's reasoning, "applies with equal force to the Illinois situation. The Board is a

8

separate political body, established under Ill.Rev.Stat. ch. 122, P 10-10 and possessing a full panoply of governmental powers. It is not immune from suit under the Eleventh Amendment.").

Therefore, because the ADEA applies to local governments, and political subdivisions of states, and because Defendants do not enjoy Eleventh Amendment immunity, this Court has jurisdiction over Counts I and II and Defendants' motion to dismiss is denied with respect to these counts.

B. Count III

Defendants move to dismiss Plaintiff's §1983 claim arguing that Plaintiff has failed to sufficiently allege that the complained of acts were the result of a policy as could trigger §1983 liability.[2] In the context of a claim against school officials, §1983 liability can be triggered by an official Board policy, a widespread custom or practice, or by the conscious decision of school officials who have final policymaking

---

[2] Defendants also offer the following arguments advocating the dismissal of Plaintiff's §1983 claim: (1)the claim is preempted by the ADEA; (2)Plaintiff's speech was not a matter of public concern; and (3) the individual Defendants are shielded by qualified immunity. However, because Defendants' pleading argument is dispositive, the Court need not reach these contentions.

9

authority. In the instant motion, Defendants correctly argue that Plaintiff has failed to allege either that these particular Defendants were empowered with final decision-making authority such as would trigger a §1983 claim, or that the suppression of her speech was the result of either widespread custom or official Board policy. Plaintiff argues that the individual Defendants' conscious decision to suppress her speech constituted an unconstitutional deprivation of her First Amendment rights. However, Defendants accurately note that Plaintiff failed to sufficiently allege that the Defendants enjoyed final policymaking authority. Defendants rely on <u>Duda v. Board of Education of Franklin Park Public School District No.84</u>, 133 F.3d 1054 (7th Cir. 1998), in which the Court affirmed a Rule 12(b)(6) dismissal noting that the plaintiff "provide[d] no basis for concluding that any of these defendant school officials-the superintendent, principal, business manager, or director of buildings and grounds-is a final policymaker" beyond his "bare allegations." <u>Duda</u>, 133 F.3d at 1061.

Here, the Court has not even "bare allegations" from which to string together an argument that the individual Defendants enjoyed final decision-making authority. While Plaintiff does

allege that the complained of acts were undertaken, "with the approval and ratification of persons in policymaking positions", this argument is misplaced. §1983 liability cannot be triggered by a theory of respondate superior. <u>Jett v. Dallas Independent School District</u>, 491 U.S. 701 (1989). To survive a motion to dismiss, Plaintiff must allege that the Defendants themselves had final decision making authority, and here, Plaintiff does not. <u>Duda v. Board of Education of Franklin Park Public School District No.84</u>, 133 F.3d 1054 (7th Cir. 1998). Instead, Plaintiff urges the Court to find that "common sense dictates the importance these individuals have in relation to communication with parents and teacher." However, this argument is not enough to save the insufficiency of the allegations contained in the Complaint with respect to this claim. Therefore, the Court concludes that Plaintiff's §1983 claim must be dismissed.

### C. Count IV

Defendants ask this Court to dismiss Plaintiff's defamation claim against the individual Defendants under a common law theory

of absolute immunity.[3] Defendants contend that under Barr v. Matteo, 360 U.S. 564 (1959), Defendants enjoy absolute immunity because the allegedly defamatory statements were made within the scope of their official duties. However, it is clear to the Court that the degree to which the allegedly defamatory statements where made within the scope of Defendants' official duties cannot be sufficiently assessed on the face of the Complaint. Certainly, it is possible for Plaintiff to present a set of facts demonstrating the allegedly defamatory remarks exceeded the scope of Defendants' official duties, and therefore, Defendants' motion must be denied with respect to the defamation claims.

### D. Count V

Finally, Defendants seek the dismissal of Plaintiff's Family and Medial Leave Act (FMLA) claim, asserting that Plaintiff has failed to plead facts sufficient to substantiate this claim. Specifically, Defendants argue that Plaintiff has failed to alleged, beyond conclusory statements, that she has a serious

---

[3] In addition to this argument, Defendants also renew the argument, previously raised and ruled upon by Judge Marovich, that Defendants are entitled to absolute immunity under §2-201 of the Tort Immunity Act. This Court declines to dismiss this statutory argument for substantially the same reasons articulated by Judge Marovich. Horwitz v. Board of Education of Avoca, 1999 WL 558131, *7 (N.D.Ill.).

medical condition, or that she was unable to preform the functions of her position. The Court disagrees. Plaintiff has allege sufficient facts to provide Defendants with notice as to the nature of her claim. The liberal practice of notice pleading requires nothing more. Plaintiff is not required at this stage of litigation to provide all the facts necessary to prevail on this claim. <u>Leatherman v. Tarrant Country Narcotics Intelligence</u>, 507 U.S. 163 (1993). <u>Celotex v. Catrett</u>, 477 U.S. 317 (1986). <u>Scott v. City of Chicago</u>, 195 F.3d 950 (7th Cir. 1999). Therefore, Defendants' motion is denied with respect to this claim.

**ORDERED:** Defendants' motion to dismiss is granted with respect to Count III, and denied in all other respects.

ENTERED:

*[signature]*

George W. Lindberg
United States District Judge

DATE: JUN - 6 2000